**In re Tony McDONALD, Sr. and Caroline W. McDonald, Debtors.**

**Bankruptcy No. 98–40747–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

April 16, 1999.

Michael Brooks, North Miami, FL, for debtors.

Nancy N. Herkert, Hialeah, FL, trustee.

### ORDER DENYING CONFIRMATION OF FIRST AMENDED CHAPTER 13 PLAN

A. JAY CRISTOL, Chief Judge.

**THIS CAUSE** came before the Court for hearing on March 25, 1999 upon the confirmation of the Debtors' First Amended Chapter 13 Plan filed February 17, 1999. The Trustee objected to confirmation. For the following reasons, this Court sustains the objection and denies confirmation of the Debtors' First Amended Chapter 13 Plan.

### BACKGROUND

On November 10, 1998, the Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, accompanied by certain schedules and a statement of financial affairs. On November 25, 1998, the Debtors corrected all filing deficiencies and filed their Summary of Schedules and Schedules I and J.

Schedule I details the Debtors' current income and Schedule J details their current expenditures. The Debtors included in their monthly expenses the category of "Tithes" in the amount of $320.00.

The Trustee objected to confirmation of the Debtors' First Amended Chapter 13 Plan on the basis that it failed to comply with the "best efforts test" of 11 U.S.C. 1325(b)(1)(B) by failing to allocate all disposable income to the proposed plan.

### DISCUSSION

Section 1325(b)(1)(B) of the Bankruptcy Code requires that, upon objection, a plan shall not be confirmed unless it either pays all creditors in full on their claims or allocates all of the Debtors' projected disposable income to the proposed plan. It is undisputed that the plan does not pay all creditors in full on their claims. Furthermore, from the record, it does not appear the Debtors have allocated all of their disposable income to the plan because a portion of the income is allocated to tithes. Accordingly, the Court agrees with the Trustee that the plan fails to meet all the requirements for confirmation under 11 U.S.C. 1325 and confirmation of the

First Amended Chapter 13 Plan will be denied.

■ The Court does not consider the Debtors' tithes in the amount of $320.00 per month to be a reasonable and necessary expenditure for their maintenance and support pursuant to 11 U.S.C. 1325(b)(1)(B). Because the Debtors' plan excludes from their disposable income $320.00 per month in tithes, and because that amount is not allocated to payments under the plan, the Court finds the Debtors' proposed plan to be violative of section 1329.

Tithing does not constitute a reasonably necessary living expense. The effect of such a deduction would permit the Debtors to require that their creditors contribute to their chosen charity. *In re Curry*, 77 B.R. 969 (Bankr.S.D.Fla.1987) (J. Britton). I agree with my former colleague that the statute does not contemplate such a result nor does the statute provide the Court with the discretion to permit the Debtors to achieve such a result. As was so aptly stated by the Court in *In re Reynolds*, 83 B.R. 684, 685 (Bankr.W.D.Mo.1988):

> There is no doubt that, to many, churches (or religions) serve and satisfy a deep and abiding need that exists somewhere in either the consciousness or unconsciousness of homo sapiens. By whatever name or rite, man has and will seek some entity or institution that answers the unanswerable questions and assuages the unassuageable doubts and concerns of our human existence. But that is each person's free choice; to seek or not, to believe or not; to contribute or not; and who or what is right is not for this Court or any other branch of the state or federal government to decide. This Court may not and must not say what if any portion of debtor's income shall go to support his personal religious beliefs, but this Court may determine what constitutes those items reasonable necessary "to be expended—(A) for the maintenance or support of a debtor or a dependent".

■ The Court's intention is not to superimpose its value for those of the Debtors' but certain provisions of the Bankruptcy Code require the Court to make decisions that unavoidably are made based on its sense of equity. Recognizing that the purpose of Chapter 13 is to provide the maximum recovery to creditors, this Court believes that the allowance of tithing as a necessary expense in the Debtors' budget would frustrate such purpose. To permit a Chapter 13 debtor to siphon off a portion of his disposable income is not fair and equitable and probably denies equal protection under the law to creditors of the tithing debtor. If two debtors each earn $2,000.00 a month net take home pay and each has expenses of $1,000.00 a month necessary for the support of the debtor and debtor's family for things like food, shelter, clothing, medical care and transportation to and from work, then the non-tithing debtor's creditors would get payments of $1,000.00 a month while the tithing debtor's creditors would get payments of only $800.00 per month. Fair and equitable? Equal protection? I think not. The integrity and creditability of Chapter 13 reorganizations would be substantially diminished if the Debtors could budget tithes to their religious organization, thereby forcing their creditors to make a de facto contribution to their organization. *See In re Packham*, 126 B.R. 603, 610 (Bankr.D.Utah 1991).

■ By disallowing the $320.00 expenditure for tithing, the Court does not intend to limit or constrain Debtors' free exercise of their religion but only their inequitable use of the Bankruptcy Code. As long as the objective of the applicable bankruptcy statute is not to prohibit or limit the free exercise of religion, the statute is not unconstitutional as violative of the First Amendment simply because the incidental effect of the statute might infringe upon the Debtors' exercise of religion. *See In re Andrade*, 213 B.R. 765, 770 (Bankr.E.D.Cal.1997) citing *Employ-*

*ment Div., Dept. of Human Resources of Oregon v. Smith,* 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990). This Court agrees with the reasoning set forth in *Andrade,* and concludes that the requirements of 11 U.S.C. 1325(b) mandating the Debtors allocate all disposable income to the Chapter 13 plan is a facially neutral law of general application on Debtors' religious beliefs and does not violate the First Amendment.

Thus, it is hereupon

**ORDERED AND ADJUDGED** that confirmation of the Debtors' First Amended Chapter 13 Plan is DENIED, without prejudice to the Debtors filing an amended plan consistent with this opinion.