In re Tyrone A. MITCHELL and Eva P. Mitchell, Debtors.

Value T Sales, Inc., Appellant,

v.

Tyrone A. Mitchell and Eva P. Mitchell; Thomas J. Billingslea, Jr., Chapter 13 Trustee, Appellees.

BAP No. SC–01–1566–BMAP.
Bankruptcy No. 01–9689–PB13.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted May 16, 2002.

Filed June 17, 2002.

**840**

Christopher A. Seaman, Kimball, Tirey & St. John, San Diego, CA, for Value T Sales, Inc.

Jonathan R. DeSimone, San Diego, CA, for Tyrone and Eva Mitchell.

Before: BRANDT, MARLAR, and PERRIS, Bankruptcy Judges.

## OPINION

BRANDT, Bankruptcy Judge.

Does § 549(c) [1], the bona fide purchaser ("BFP") defense to a trustee's action to avoid unauthorized post-petition transfers, provide an exception to the automatic stay of § 362(a)? Appellant Value T Sales, Inc., which purchased debtors' residence in San Diego, California, at a post-petition foreclosure sale without notice of the bankruptcy, moved for a declaration that § 549(c) excepted the transaction from the automatic stay. The bankruptcy court denied the motion, and Value T appealed. We conclude § 549(c) does not avail appellant, and AFFIRM.

## I. FACTS

On 18 September 2001, one day before a scheduled foreclosure sale of their residence, debtors filed their chapter 13 petition. Debtors' counsel asserts that he immediately notified the lender of the filing, but the foreclosure sale proceeded. Value T, without notice of the bankruptcy, purchased the residence for $323,410.28.

Shortly thereafter, Value T learned of the bankruptcy filing, and on 21 September 2001 it moved for an order annulling the automatic stay and validating the foreclosure sale, on grounds that debtors' peti-

---

1. Absent contrary indication, all section and chapter references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

tion had been filed in bad faith (they had filed five bankruptcy petitions in the past four years). Alternatively, Value T requested an order declaring the foreclosure sale excepted from the stay by § 549(c), and terminating the stay to allow eviction proceedings. Value T further requested 180–day in rem relief. Thereafter Value T, without relief from stay, recorded its trustee's deed on 27 September 2001.

Debtors opposed the motion and, after a hearing on 16 October 2001, the bankruptcy court denied it, holding § 549(c) is not an exception to the automatic stay, thus voiding the foreclosure sale, and finding no grounds to annul the stay. Value T timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction via 28 U.S.C. § 1334 and § 157(b)(1), (b)(2)(G), and (b)(2)(O), and we do under 28 U.S.C. § 158(c).

## III. ISSUE

Is § 549(c) an exception to the automatic stay?

## IV. STANDARD OF REVIEW

■ We review de novo the bankruptcy court's interpretation of the Bankruptcy

Code. *Su v. Carrillo (In re Su)*, 259 B.R. 909, 912 (9th Cir. BAP 2001), *aff'd*, 290 F.3d 1140 (9th Cir.2002).

## V. DISCUSSION

The bankruptcy court ruled that there were insufficient grounds to annul the automatic stay, because the evidence did not support a finding that debtors had filed their petition in bad faith, and the totality of the circumstances did not otherwise warrant annulment. Value T does not challenge this aspect of the court's ruling.

The sole issue on appeal is whether § 549(c) is an exception to the automatic stay, validating a post-petition foreclosure sale to a bona fide purchaser without notice of the debtors' bankruptcy petition.

### A. *Stay Exception*

■ The filing of a bankruptcy petition operates to stay, among other things, any act to enforce pre-petition claims or liens against property of the estate or of the debtors, or to exercise control over property of the estate. § 362(a).[2] The parties do not dispute that the foreclosure sale occurred post-petition without relief from the stay, which should render it void under

2. The stay prohibits:
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;
(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

*Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992). Value T argues, however, that § 549(c) validates the sale and creates a unique exception to the automatic stay.

Section 549 empowers the trustee to avoid unauthorized post-petition transfers of property of the estate. Subsection (c) provides a defense to BFP's:

> The trustee may not avoid ... a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to the interest of such good faith purchaser....

Value T bases its argument primarily on language in *Schwartz*, 954 F.2d at 574, indicating that § 549(c) is an exception to the automatic stay, protecting good faith purchasers when a sale would otherwise be void under § 362. There, the issue before the court was whether violations of the automatic stay are void or simply voidable. In holding that such violations are void, the court addressed the argument that its interpretation would render § 549 moot:

> [A] straightforward analysis of section 549 reveals that it is not intended to cover the same type of actions prohibited by the automatic stay nor rendered moot by section 362's voiding of all automatic stay violations. Section 549 applies to unauthorized transfers of estate property which are not otherwise prohibited by the Code. In most circumstances, section 549 applies to transfers in which the debtor is a willing participant....

Section 362's automatic stay does not apply to sales or transfers of property initiated by the debtor. Thus, section 549 has a purpose in bankruptcy beyond the potential overlap with section 362. In other words, the automatic stay can void any violation and still leave section 549 with a valid and important role in bankruptcy. Section 549 exists as a protection for creditors against unauthorized debtor transfers of estate property. Although there are circumstances where section 362 overlaps section 549 and renders it unnecessary, this overlap falls far short of rendering section 549 meaningless.

> . . .

> ... The law in this circuit is that violations of the automatic stay are void and that section 549 applies to transfers of property which are not voided by the stay.

*Schwartz*, 954 F.2d at 573–74 (citing *Garcia v. Phoenix Bond & Indemnity Co. (In re Garcia)*, 109 B.R. 335, 338–40 (N.D.Ill. 1989); additional citation omitted).

What the *Schwartz* court seems to be saying is that § 549 (and thus § 549(c)) does not apply to creditor-initiated transactions that violate the automatic stay, but only to debtor-initiated transactions that do not violate the stay. *See Garcia*, 109 B.R. at 339 (interpreting § 549 as referring only to debtor-initiated transactions). If there is an overlap, § 362 controls. However, in a confusing and contradictory paragraph, the *Schwartz* court also stated:

> Subsection 549(c) is an exception to section 362 regardless of whether violations of the automatic stay are void or merely voidable. Congress did not draft subsection 549(c) to demonstrate that violations of the automatic stay are merely voidable; Congress drafted subsection 549(c) to protect good faith purchasers where the sale would otherwise be subject to

avoidance under section 549 *or* void under section 362.

954 F.2d at 574 (emphasis added).

Value T also relies on *Walker v. California Mortgage Serv. (In re Walker)*, 861 F.2d 597 (9th Cir.1988), *Shaw v. County of San Bernardino (In re Shaw)*, 157 B.R. 151 (9th Cir. BAP 1993), and *In re Bago*, 149 B.R. 610 (Bankr.C.D.Cal.1993). All three courts treated § 549(c) as a valid exception to the automatic stay without considering its applicability outside of the context of an avoidance action under § 549, and the *Walker* and *Shaw* courts ruled against appellants because its requirements had not been satisfied. *See* 861 F.2d at 599–600. *See also Tsafaroff v. Taylor (In re Taylor)*, 884 F.2d 478, 483 (9th Cir.1989) (noting that, generally, actions taken in violation of the automatic stay are void, subject to the protections afforded a BFP of real estate, citing § 549(c) and 2 *Collier on Bankruptcy*, § 362.11 (15th ed.1989)).

In contrast, courts squarely confronting the question have ruled that § 549(c) does not apply outside the context of a § 549 avoidance action. In *Smith v. London (In re Smith)*, 224 B.R. 44 (Bankr.E.D.Mich. 1998), cited by the bankruptcy court, the court rejected the argument that § 549(c) provides an exception to the principle that violations of the stay are void (or voidable):

> The Court concludes that § 549(c) is inapplicable in this context. Section 549(c) provides an exception to the trustee's right to avoid a transfer of property under § 549(a). However, this case does not involve an avoidance action under § 549(a). Rather, Smith moved to set aside the foreclosure sale because it violated the automatic stay. Section 549(a) was never implicated, and, accordingly, the exception to § 549(a) is not applicable.

224 B.R. at 47. *Accord, Glendenning v. Bowen (In re Glendenning)*, 243 B.R. 629, 633 (Bankr.E.D.Pa.2000). *See also In re Samaniego*, 224 B.R. 154 (Bankr. E.D.Wash.1998) (holding § 549 inapplicable where delivery and recording of deeds void as violation of the stay, citing *Schwartz*).

We agree with *Smith*, as its analysis is consistent with the plain language and the structure of the applicable statutes, as well as the Code's policies. The automatic stay is a fundamental protection, giving debtors "a breathing spell," protecting them from actions of creditors. On the other hand, § 549 protects the estate from unauthorized transfers by the debtor. Congress saw fit to protect BFPs in § 549 but not in § 362, presumably expressing its intent to afford greater protection to BFPs who purchase from debtors than to those purchasing at sales violating the automatic stay.

Superficially, this analysis appears to contradict Ninth Circuit authority. However, *Schwartz's* observations about the applicability of § 549(c) pertain only to situations covered by both § 362 and § 549, and "Section 549 applies to unauthorized transfers of estate property *not otherwise prohibited by the Code.*" 954 F.2d at 573–574 (citations omitted; emphasis added). The foreclosure sale here *was* otherwise prohibited by § 362(a), and Value T suggests no application of § 549 apart from the BFP defense it hopes to transmute into a stay exception. Nor can Value T do so, as no trustee is seeking to avoid anything.

As for *Walker, Taylor,* and *Shaw,* none squarely considered the efficacy of § 549(c) outside the context of an avoidance action under § 549.

As the bankruptcy court noted, it is not clear where the notion that § 549(c) is an exception to the automatic stay originated.

The *Walker* court cited *In re Ward,* 837 F.2d 124, 126 (3rd Cir.1988). Although the *Ward* court acknowledged that § 549(c) is an exception to the trustee's avoidance powers, it treated the section as an exception to the stay without considering its context and without citing any authority beyond the statute. 837 F.2d at 126. We decline to follow *Ward.*

It is obvious that Congress knows how to create an exception to § 362, as it has provided eighteen of them. Transfer of estate property to a BFP is not among them. Section 549(c) is a defense to an avoidance action by the trustee, no more, no less. There is no such action here. We find no convincing authority for interpreting § 549(c) as an additional exception to the automatic stay.

## B. *Perfection*

■ Value T further argues that the bankruptcy court erred in ruling that it failed to perfect its interest in the Property in accordance with § 549(c). Value T points out that debtors never recorded notice of their bankruptcy, but that it recorded its trustee's deed within fifteen days of the sale. Under California law, perfection was thus deemed to have occurred at 8:00 a.m. on the sale date. Cal.Civ.Code § 2924h(c). The bankruptcy court ruled that, because the foreclosure sale was void, Value T's purported perfection of that sale was also void.

Value T had actual notice of the bankruptcy when it recorded its trustee's deed, itself a violation of § 362(a)(3), (4), and/or (5). Value T argues that its recording of the trustee's deed was excepted from the stay by § 362(b)(3), which excepts any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under § 546(b). Section 546(b) provides that the trustee's avoiding powers under § 549 are subject to any generally applicable law that permits perfection to relate back to and be effective against one who acquires rights in the property before the date of perfection.

As the debtors never recorded a notice of the bankruptcy, Value T argues, without citing authority, that the requirements of § 549(c) are satisfied despite its actual knowledge of the bankruptcy at the time of recordation.

We need not resolve this issue, for two reasons. First, Value T's argument works, if at all, only if the foreclosure sale was excepted from the automatic stay. As discussed above, it was not. The bankruptcy court's analysis is correct: as the foreclosure sale was itself void, later perfection could not validate it. Value T's recordation of the trustee's deed was thus of no effect. Second, 8:00 a.m. on the day of the foreclosure sale is, in this instance, still post-petition. *See Blatnick v. Sanders (In re Sanders),* 198 B.R. 326, 329 (Bankr. S.D.Cal.1996), *appeal dismissed,* 232 B.R. 822 (9th Cir. BAP 1997) (table) (Cal.Civ. Code § 2924h(c) may be invoked only when a valid foreclosure sale has occurred pre-petition) (dicta).

## VI. CONCLUSION

The bankruptcy court correctly held that § 549(c) does not except a post-petition foreclosure sale to a BFP from the automatic stay, and that the foreclosure sale to Value T was void. We AFFIRM.