329 F.3d 1076
 40235 WASHINGTON STREET CORPORATION, a California corporation, Plaintiff-Appellee,
v.
W.C. LUSARDI, an individual, Defendant-Appellant.
40235 Washington Street, Corporation, a California corporation, Plaintiff-Appellant,
v.
W.C. Lusardi, an individual, Defendant-Appellee.
 No. 01-56644.
 No. 01-56801.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted February 4, 2003.
 Filed May 23, 2003.
 
 COPYRIGHT MATERIAL OMITTED David A. Niddrie, Niddrie & Hegemier, LLP, for W.C. Lusardi.
 Duane S. Horning, Mary A. Lehman, and James W. Huston, Gray Cary Ware & Friedenrich, LLP, for 40235 Washington Street Corporation.
 Appeal from the United States District Court for the Southern District of California; John S. Rhoades, District Judge, Presiding. D.C. No. CV-90-01472-JSR.
 Before PREGERSON, REINHARDT, and ARCHER* Circuit Judges.
 REINHARDT, Circuit Judge.
 
 
 1
 W.C. Lusardi purchased an apartment complex at a Riverside County tax foreclosure auction in 1990. Unbeknownst to Lusardi, the owner of the property, 40235 Washington Street Corporation ("WSC" or "the corporation") had recently filed a federal bankruptcy petition, creating an automatic stay preventing the sale. The sale was therefore void, and, although the bankruptcy petition was later dismissed, Lusardi never acquired possession or any benefit of ownership. Neither has his money been returned to him by Riverside County. The parties have been litigating for more than a dozen years, in both state and federal court. This appeal arises from the district court's order quieting title and granting declaratory relief in favor of WSC and denying relief to Lusardi. We affirm, although not on the same ground as that relied on by the district court.
 
 I. Background
 
 2
 WSC was incorporated on February 20, 1990. Eight days later it purchased an apartment complex in Palm Desert, California, located on a property that was in tax default and was scheduled to be sold at a Riverside County tax auction. The next day it filed a Chapter 11 bankruptcy petition, thereby creating, under section 362(a) of the federal Bankruptcy Code, an automatic stay on sales of properties it owned. 11 U.S.C. § 362(a). Although WSC informed the tax collector of its bankruptcy filing, Riverside County proceeded with the sale in violation of the stay. Lusardi, unaware of the bankruptcy petition, purchased the property at the foreclosure sale for $269,500. The foreclosure sale included competitive bidding and complied with state law. After the tax sale, the bankruptcy court dismissed WSC's bankruptcy petition, finding that it was filed in bad faith. In re 40235 Washington St. Corp., No. 90-01612-LM11 (Bankr.S.D.Cal. filed May 15, 1990). WSC retained, and continues to retain, possession of the property, and Riverside County has never returned Lusardi's money.
 
 
 3
 The litigation that followed, in both state and federal court, is described in the most recent decision of the district court, see 40235 Washington St. Corp. v. Lusardi, 177 F.Supp.2d 1090, 1095-96 (S.D.Cal. 2001) and, in greater detail, in a 1998 order of the district court, see 40235 Washington St. Corp. v. Lusardi, No. 90-1472-R, unpublished order at 1-6 (S.D.Cal. filed August 19, 1998). A brief description of the federal litigation is all that is required here.[1]
 
 
 4
 The federal proceedings were initiated by WSC, which sought to quiet title and to obtain declaratory relief. It contended that because of the automatic stay Lusardi never acquired any title to the property. The proceedings in federal court were stayed pending the outcome of the state court litigation. See 40235 Washington St. Corp. v. Lusardi, 976 F.2d 587 (9th Cir. 1992). In 1998, the district court granted a motion by Lusardi to lift the stay on the federal litigation, and allowed Lusardi to bring counterclaims under federal and state law. Lusardi asked the court to quiet title in his favor on the ground that section 549(c) of the federal Bankruptcy Code, 11 U.S.C. § 549(c), provides an exception to the automatic stay provision and is applicable to him as a good faith purchaser without knowledge of the bankruptcy petition. Alternatively, he demanded compensation from WSC for his lost investment and associated costs, under section 3728 of the California Revenue and Taxation Code. Lusardi, 177 F.Supp.2d at 1096.
 
 
 5
 Ultimately, the district court granted WSC's motion for declaratory relief and to quiet title and denied all relief to Lusardi. Id. at 1090. It agreed with Lusardi that section 549(c) of the Bankruptcy Code creates an exception to the automatic stay provision, 40235 Washington St. Corp. v. Lusardi, No. 90-1472-R, unpublished order at 9-12 (S.D.Cal. filed Jan. 19, 1999), but held that Lusardi's purchase did not meet the requirements for invoking the exception. Lusardi, 177 F.Supp.2d at 1096-102. The district court further held that the state tax law provisions under which Lusardi seeks compensation are preempted by the federal Bankruptcy Code. Id. at 1102-05. Lusardi appeals the district court's grant of relief to WSC, including its quiet title order, while WSC argues that there is no federal jurisdiction. Although we hold, contrary to the district court, that section 549(c) of the Bankruptcy Code does not create an exception to the automatic stay provision, we affirm its grant of relief to WSC for the reasons set forth below.
 
 II. Discussion
 A. Jurisdiction
 
 6
 Federal courts have jurisdiction over matters in which a federal question is presented on the face of the well-pleaded complaint. Abada v. Charles Schwab & Co., Inc., 300 F.3d 1112, 1118 (9th Cir. 2002). "Where the plaintiff seeks coercive relief under state law, as in a quiet title action, a well pleaded complaint presents a federal question if the plaintiff's right to such relief `necessarily turn[s] on some construction of federal law.'" Yokeno v. Mafnas, 973 F.2d 803, 807 (9th Cir.1992) (quoting Franchise Tax Bd. v. Const. Laborers Vacation Trust, 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). In the case before us, it would be impossible to quiet title in favor of either party without addressing the federal Bankruptcy Code issue discussed below. Furthermore, the Bankruptcy Code issue is not raised as a defense or merely in anticipation of avoiding a defense. See Yokeno, 973 F.2d at 807. Rather, the automatic stay provision, which was raised by WSC in its complaint, is the only basis on which WSC's claim to title could be superior to that of Lusardi. Therefore, there is federal jurisdiction.
 
 B. Stay Exception
 
 7
 Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition creates an automatic "stay, applicable to all entities, of," inter alia, "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a). Transfers in violation of the automatic stay are void. Schwartz v. United States (In re Schwartz), 954 F.2d 569, 575 (9th Cir.1992). When WSC filed its bankruptcy petition, the automatic stay took effect, with the result that the Riverside County tax sale, conducted to enforce the tax lien on the property, was void. Unless an exception to section 362(a) applies, therefore, Lusardi's purchase of the property at the tax sale was without effect.
 
 
 8
 Eighteen exceptions to section 362(a) are listed in section 362(b). 11 U.S.C. § 362(b) (listing circumstances in which "the filing of a petition ... does not operate as a stay"). The text of section 362(a) makes reference to the exceptions listed in section 362(b), 11 U.S.C. § 362(a) (providing that the stay applies "[e]xcept as provided in subsection (b) of this section"), but not to any other exceptions. The language of section 362, thus, suggests that the 18 listed exceptions are the only exceptions to the automatic stay.
 
 
 9
 Lusardi does not argue that any of the 18 exceptions of section 362(b) applies to his purchase. Rather, he asserts that section 549(c) of the Code provides a further exception to the automatic stay provision. This assertion is plausible primarily because a number of courts, including ours on some occasions, have assumed it to be correct, as we discuss below. The district court in the present case relied on such assumptions and held that section 549(c) does create an exception to the automatic stay provision. Lusardi, No. 90-1472-R, unpublished order at 9-12 (S.D.Cal. filed Jan. 19, 1999). However, we have never before addressed the question directly. Recently the Bankruptcy Appellate Panel of the Ninth Circuit did so and concluded in an opinion we find persuasive that section 549(c) does not create an exception to section 362(a). Value T Sales, Inc. v. Mitchell (In re Mitchell), 279 B.R. 839, 841-44 (9th Cir.BAP 2002). We reach the same conclusion as the Bankruptcy Appellate Panel.[2]
 
 
 10
 Section 549 concerns the ability of a bankruptcy trustee to avoid postpetition transfers of the property of the estate, and subsection (c) protects bona fide purchasers who did not know of the petition and who meet certain other requirements. Section 549 provides in full as follows:
 
 
 11
 § 549. Postpetition transaction
 
 
 12
 (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate —
 
 
 13
 (1) that occurs after the commencement of the case; and (2) (A) that is authorized only under section 303(f) or 542(c) or that is authorized only under section 303(f) or 542(c) of this title; or
 
 
 14
 (B) that is not authorized under this title or by the court.
 
 
 15
 (b) In an involuntary case, the trustee may not avoid under subsection (a) of this section a transfer made after the commencement of such case but before the order for relief to the extent any value, including services, but not including satisfaction or securing of a debt that arose before the commencement of the case, is given after the commencement of the case in exchange for such transfer, notwithstanding any notice or knowledge of the case that the transferee has.
 
 
 16
 (c) The trustee may not avoid under sub-section (a) of this section a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to the interest of such good faith purchaser. A good faith purchaser without knowledge of the commencement of the case and for less than present fair equivalent value has a lien on the property transferred to the extent of any present value given, unless a copy or notice of the petition was so filed before such transfer was so perfected.
 
 
 17
 (d) An action or proceeding under this section may not be commenced after the earlier of —
 
 
 18
 (1) two years after the date of the transfer sought to be avoided; or
 
 
 19
 (2) the time the case is closed or dismissed.
 
 
 20
 11 U.S.C. § 549.
 
 
 21
 As subsection (a) and (d) make clear, section 549 concerns avoidance actions by the trustee, not transfers that are already void under the automatic stay. Subsection (c), which Lusardi invokes, prevents such avoidance actions from succeeding against certain bona fide purchasers. By its terms, subsection (c) creates an exception only to subsection (a). 11 U.S.C. § 549(c) (describing transfers that "trustee may not avoid under subsection (a) of this section"). Thus, as the Mitchell court noted, the language and the structure of both section 362 and section 549 support the view that section 549(c) does not create an exception to the automatic stay provision.
 
 
 22
 This interpretation is also consistent with the purposes of the two sections. The purpose of the automatic stay is to protect debtors from their creditors while bankruptcy proceedings are underway. Schwartz, 954 F.2d at 571 ("[The stay] is designed to protect debtors from all collection efforts while they attempt to regain their financial footing."); see H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1978) ("The automatic stay is one of the fundamental debtor protections...."). The purpose of section 549, in contrast, is to provide a just resolution when the debtor himself initiates an unauthorized postpetition transfer. The general rule in such situations is that the trustee is authorized to avoid the transfer in order to protect the creditors. See 11 U.S.C. § 549(a); Schwartz, 954 F.2d at 574 ("Section 549 exists as a protection for creditors against unauthorized debtor transfers of estate property."). Section 549(c) creates an exception to that rule to protect innocent purchasers whom the debtor has defrauded. 5 COLLIER ON BANKRUPTCY, § 549.06 (15th ed. rev. 2002). As sections 362 and 549 are designed to protect different parties, it is not surprising that an exception to one would not apply to the other. Congress evidently saw fit, as Mitchell discerned, "to afford greater protection to [bona fide purchasers] who purchase from debtors than to those purchasing at sales violating the automatic stay." Mitchell, 279 B.R. at 843.
 
 
 23
 As noted above, some of our prior decisions imply, contrary to our present holding, that section 549(c) does create an exception to the automatic stay provision. Most recently, in Schwartz, we stated at one point in the opinion that "subsection 549(c)'s protection of good faith purchasers carves out an extremely specific and narrow exception to the automatic stay when section 362 overlaps subsection 549(c)." Schwartz, 954 F.2d at 574. This statement, although the district court in Lusardi believed it was binding, was a mere assumption that did not contribute to our resolution of any matter at issue in the case. The "sole issue" in Schwartz was whether transfers in violation of the automatic stay were void or merely voidable. Id. at 570-71. We held that they were void and addressed section 549(c) only to refute the argument that section 549(c), because it is an exception to section 362(a), demonstrates that violations of the stay are not void.[3] Our assumption that section 549(c) does create such an exception was, in this sense, actually in tension with our holding. Furthermore, in subsequent portions of the opinion, Schwartz appears to assume precisely the opposite of its initial assumption: It appears to state quite clearly that section 549(c) does not create an exception to the automatic stay. See, e.g., id. at 574 ("The law in this circuit is that violations of the automatic stay are void and that section 549 applies to transfers of property which are not voided by the stay."). We therefore draw no conclusion from Schwartz as to the relationship between sections 362(a) and 549(c). In another case, we assumed that section 549(c) creates an exception to the automatic stay but held that the requirements of section 549(c) were not met. Walker v. California Mortgage Serv. (In re Walker), 861 F.2d 597, 600 (9th Cir.1988) (perfection requirement not met). Similarly, we made the same assumption but decided the issue on a different basis in Thompson v. Margen (In re McConville), 110 F.3d 47, 49 (9th Cir.1997) (applying section 364(c)(2)). Finally, to confuse matters even further, in Phoenix Bond & Indemnity Co. v. Shamblin (In re Shamblin), 890 F.2d 123, 127 n. 5 (9th Cir.1989), we expressly declined to "resolve[the] difficult question" whether the section 549 exception applies when an automatic stay is in effect.
 
 
 24
 We also acknowledge that our holding today conflicts with the view expressed in two bankruptcy treatises, see 3 COLLIER ON BANKRUPTCY § 362.11[1] (15th ed. rev. 2002) ("Section 549(c) contains an important limitation of the principle that actions taken in violation of the stay are void, or at least voidable."); NORTON BANKRUPTCY LAW AND PRACTICE 2D § 59:5 (Supp. Nov. 2002) (stating that Schwartz "correctly" regarded section 549(c) as an exception to section 362(a)). We also note that in Tsafaroff v. Taylor (In re Taylor), 884 F.2d 478 (9th Cir.1989), we assumed Collier to be correct, without considering the question, and affirmed a decision of the Bankruptcy Appellate Panel holding that the lack-of-notice requirement of 549(c) was met. Id. at 483-84. We did so only shortly before we announced, in the final amended opinion in Shamblin, that the question was an open one.
 
 
 25
 We also note that the Third and Fifth Circuits and, in a pre Mitchell decision, the Bankruptcy Appellate Panel of the Ninth Circuit, have stated in dictum, and a number of Bankruptcy Courts have held, assumed, or opined, contrary to our holding today, that section 549(c) does create an exception to section 362(a). See, e.g., In re Siciliano, 13 F.3d 748, 751 n. 2 (3d. Cir. 1994); Sikes v. Global Marine, Inc., 881 F.2d 176, 179 (5th Cir.1989); Shaw v. County of San Bernardino (In re Shaw), 157 B.R. 151 (9th Cir.BAP 1993); Jones v. Wingo (In re Wingo), 89 B.R. 54, 58 (9th Cir.BAP 1988); In re Shah, 2001 Bankr.LEXIS 380, *15-*26, 2001 WL 423024 (Bankr.E.D.Pa.2001); Carpio v. Smith (In re Carpio), 213 B.R. 744, 750-51 (Bankr.W.D.Mo.1997); Groupe v. Hill (In re Hill), 156 B.R. 998, 1007 (Bankr.N.D.Ill. 1993); Little v. Bago (In re Bago), 149 B.R. 610, 612 (Bankr.C.D.Cal.1993); In re King, 35 B.R. 530, 531 (Bankr.N.D.Ga. 1983).
 
 
 26
 None of these decisions, however, considered the textual, structural, and policy arguments we address above. Most were arrived at without any analysis at all. While numbers are on the side of finding section 549(c) to create an exception, the clear weight of judicial reasoning strongly supports the contrary view. Specifically, so far as we are aware, every court that has considered the governing legal factors has reached the conclusion we have, that section 549(c) does not create an exception to the automatic stay provision. See Mitchell, 279 B.R. at 841-44; Glendenning v. Third Fed. Sav. (In re Glendenning), 243 B.R. 629, 633-34 (Bankr.E.D.Pa.2000); Smith v. London (In re Smith), 224 B.R. 44, 46-48 (Bankr.E.D.Mich.1998); New Orleans Airport Motel Assocs. v. Lee (In re Servico, Inc.), 144 B.R. 933, 934-37 (Bankr.S.D.Fla.1992).
 
 
 27
 Because we hold that section 549(c) does not create an exception to section 362(a), we do not reach the issue whether Lusardi's purchase at the Riverside County tax foreclosure sale met the requirements of section 549(c).
 
 C. Preemption
 
 28
 California state law provides that after a property has been sold in a tax foreclosure sale, the tax deed acquired by the purchaser may not be voided unless the former owner reimburses the purchaser "the amount of taxes, penalties and costs expended by him or her as determined by the court in pursuit of title to the property." Cal. Rev. & Tax.Code § 3728(a).[4] "If the amount required to be paid ... is not paid within ... six months, the court shall order a new tax deed issued by the county tax collector to the original grantee or his successor in interest as designated in the order." Id. § 3728.1. Lusardi asserts that these provisions prevent the federal courts from voiding his deed unless WSC pays him the full amount he paid to Riverside County at the tax sale, as well as the other costs he incurred in acquiring title. The district court held that section 3728 is preempted by the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a). We agree.
 
 
 29
 Under the doctrine of "conflict preemption," preemption is implied where "compliance with both federal and state regulation is a physical impossibility." Gade v. Nat'l Solid Wastes Mgmt. Ass'n, 505 U.S. 88, 98, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992) (internal quotation marks omitted).
 
 
 30
 Section 3728 requires that, before a tax deed is declared void, the court must determine the amount of taxes owed on the property and order the former owner to pay to the purchaser that portion of the taxes, penalties and costs that the purchaser expended in pursuit of the title. Cal. Rev. & Tax.Code § 3728. Next, the court must order that the former owner pay any taxes that it still owes on the property to the appropriate tax agencies. Id. If both payments are not made within six months, a new tax deed will issue to the purchaser. Id. § 3728.1.
 
 
 31
 As noted above in our discussion of the federal Bankruptcy Code issue, transfers in violation of an automatic stay under section 362(a) are void: The property interests remain the same as they would have been if no transfer had been attempted. See Schwartz, 954 F.2d at 571. Section 3728 conflicts directly with this rule. First, it does not treat the transfer as if it never happened. To the contrary, under section 3728, the transfer has important consequences, burdening the trust or former owner. Second, under section 3728 the transfer is not void, as Schwartz held with respect to transfers under the automatic stay provision, but voidable. If no action is taken, the deed remains effective.
 
 
 32
 As the district court noted, section 3728 also conflicts with the Bankruptcy Code's system of ordering creditor's claims. If the tax lien is not paid in full within six months, then the tax purchaser takes the property free of all encumbrances under California Revenue and Taxation Code section 3712, whereas under the Bankruptcy Code all secured claims remain after bankruptcy proceedings are complete. 11 U.S.C. § 1129(b)(2); see Lusardi, 177 F.Supp.2d at 1105.
 
 
 33
 The district court was therefore correct to hold California Revenue and Taxation Code section 3728 preempted.
 
 
 34
 Because of our preemption ruling, we do not reach the further issue raised by WSC that, regardless of federal law, section 3728 is not applicable in this case.
 
 Conclusion
 
 35
 For the foregoing reasons the judgment of the district court is
 
 
 36
 AFFIRMED.
 
 
 
 Notes:
 
 
 *
 The Honorable Glenn L. Archer, Jr., Senior Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation
 
 
 [1]
 Certain details of the state court litigation are relevant to WSC's arguments that Lusardi's claims for relief are both time-barred and barred by collateral estoppel. However, because we affirm the district court's denial of relief on other grounds, we do not reach those issues
 
 
 [2]
 Although the bankruptcy court dismissed WSC's bankruptcy petition as having been filed in bad faith, the dismissal has no bearing on the issues before us. Lusardi asked the court to apply the dismissal retroactively so as to give effect to the tax sale. The parties disagree as to whether the bankruptcy court denied the motion or rather declined to address it. In either case, Lusardi does not now seek relief on the theory that the stay should be retroactively voided
 
 
 [3]
 In truth, we did not explain clearly inSchwartz the argument based on section 549(c) that we were refuting. We wrote that "[i]t is disingenuous to argue that the general rule must be invalid simply because there is a narrow exception to the rule." Schwartz, 954 F.2d at 574. It appears, then, that one of the parties argued that violations of the stay cannot be void because violations that meet the requirements of section 549(c) are not void. However, that argument is without any logic, because violations that meet the requirements of section 549(c) are also not voidable. A better argument on basis of section 549(c) can be found in Sikes v. Global Marine, Inc., 881 F.2d 176, 179 (5th Cir. 1989), which held, contrary to Schwartz, that transfers in violation of the stay are voidable, not void. Id.
 We addressed section 549 as a whole in Schwartz in order to refute the following, more persuasive argument: A transaction can be both in violation of the automatic stay and controlled by section 549; section 549 explicitly makes unauthorized postpetition transactions not void, but rather avoidable by the trustee; therefore, a holding that transactions in violation of the automatic stay are void would conflict with section 549. Schwartz, 954 F.2d at 573-74. We assumed the premises of this argument but rejected the conclusion. Id.
 
 
 [4]
 Section 3728 provides in full as follows:
 § 3728. Payments required to be made before voiding deed
 Before holding any tax deed heretofore or hereafter given under this chapter or Chapter 8 (commencing with Section 3771), former Chapter 3 (commencing with Section 3475), former Chapter 4.3 (commencing with Section 3534), or former Sections 3897 and 3897d of the Political Code to be void, the court shall determine the correct amount of taxes, penalties and costs that should be paid upon redemption to discharge the tax and assessment liens of all taxing agencies and revenue districts had the purported tax sale not been held and the court shall order the former owner or other party in interest to pay that amount within six months as follows:
 (a) To the purchaser, or his or her grantee or successor in interest, the amount of taxes, penalties and costs expended by him or her as determined by the court in pursuit of title to the property, and when the purchaser at that sale or the grantee in any deed for taxes or his or her grantee or successor in interest is in possession of that property in good faith and claiming the property under a tax deed, which is regular upon its face, and has made permanent improvements thereon, the court shall not make that decree until there has also been repaid to the purchaser or his or her grantee or successor in interest a sum, as determined by the court, equal to the amount by which the value of the property has been enhanced by those permanent improvements; and
 (b) To the county tax collector, the balance, if any, of the correct amount as determined by the court that should be paid upon redemption, which shall be distributed by the county to the taxing agencies and revenue districts as redemption money.
 If the amounts are not paid in accordance with the order the court shall not hold the tax deed void.