**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 29, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 03-20347
Summary Calendar

---

In The Matter Of: STEPHANIE R PIERCE

Debtor

-------------------------

ELBAR INVESTMENTS INC

Appellant

v.

STEPHANIE R PIERCE; PAMELA J FRANKLIN; GLEN CHEEK, Constable;
DAVID G PEAKE, Trustee; HARRIS COUNTY; ALIEF INDEPENDENT SCHOOL
DISTRICT; BEECHNUT MUNICIPAL UTILITY DISTRICT; FAIRBANKS CAPITAL
CORP; CONTI MORTGAGE, Conti Mortgage Corporation

Appellees

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. H-02-CV-220
--------------------

Before KING, Chief Judge, and DAVIS and BARKSDALE, Circuit
Judges.

PER CURIAM:[*]

Appellant Elbar Investments, Inc. appeals the district

court's decision affirming the bankruptcy court's judgment, which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

found, inter alia, that Elbar did not acquire any interest in the real property purportedly auctioned at a constable's tax sale because the sale violated the automatic stay provision of 11 U.S.C. § 362. For the following reasons, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1998 and 1999, Debtor-Appellee Stephanie Pierce failed to pay the property taxes assessed against her homestead. On March 10, 2000, the local taxing authorities obtained a default judgment against the Debtor[1] and began proceedings to sell the property at a constable's sale. After learning of the tax judgment, the mortgagee threatened to foreclose its mortgage for nonpayment of taxes. In response, the Debtor entered into an agreement with the mortgagee to pay the tax deficiency. The mortgagee then forwarded a check to satisfy the tax judgment to the Constable but, due to an inadequate description of the property involved, it was returned. On August 1, 2000, the Constable sold the property to the highest bidder, Elbar, for $31,000. Elbar promptly paid the promised sum to the Constable.

Two days later--before issuing a deed or disbursing the proceeds of the sale--the Constable received written notification that the Debtor had filed for Chapter 13 bankruptcy protection less than thirty minutes before the tax sale had taken place.

---

[1]     The Debtor's mortgagee, Conti Mortgage Corp., was also listed as an in rem defendant in the tax suit. However, Fairbanks Capital Corp., Conti Mortgage's successor in interest, is the current mortgagee of the Debtor's homestead property.

Both sides concede that, on the date of the tax sale, neither the Constable nor Elbar had actual or constructive notice of the Debtor's bankruptcy filing.  After receiving the bankruptcy petition notice on August 3, however, the Constable informed the parties that he would not take any further action regarding the tax sale until directed by court order.

On August 15, 2000, Elbar filed a petition for relief from the automatic stay under 11 U.S.C. § 362(d), asking the United States Bankruptcy Court for the Southern District of Texas to validate the tax sale retroactively.  In addition, Elbar filed an adversary proceeding in the bankruptcy court, seeking an adjudication of the transfer of title.  Elbar argued that, even if the bankruptcy court refused to modify the automatic stay to validate the Constable's sale of the Debtor's interest in the real property, the stay did not prevent Elbar from acquiring the mortagee's interest in the property.  Importantly, Elbar explained that the mortgagee was listed as the Debtor's co-defendant in the tax suit; however, the automatic stay does not protect co-defendants from the enforcement of pre-petition judgments.  Thus, under this logic, by placing the highest bid at the tax sale and tendering payment, Elbar acquired at least the mortgagee's interest in the Debtor's real property.

After holding a series of hearings, the bankruptcy court rendered judgment on November 26, 2001.  The court first noted that 11 U.S.C. § 362(a) automatically stays the enforcement of

pre-petition judgments against the Debtor's property upon the filing of a bankruptcy petition, regardless of whether creditors have knowledge of the stay's applicability. The court therefore concluded that the tax sale was invalid and without legal effect because it was conducted minutes after the Debtor petitioned for bankruptcy protection. Second, the bankruptcy court agreed with Elbar that it had discretionary authority to annul the stay retroactively under 11 U.S.C. § 362(d) and could, therefore, validate the tax sale. Nevertheless, the court declined to exercise its power after concluding that the Debtor had filed her bankruptcy petition in good faith, believing that she had already resolved her tax delinquency. Finally, the court concluded that because the tax sale was void under § 362, the sale was ineffective to transfer any interest in the Debtor's real property--including the mortgagee's interest--to Elbar. The court therefore ordered the Constable both to return the $31,000 to Elbar and to terminate the tax sale proceedings.

Elbar appealed the bankruptcy court's judgment to the United States District Court for the Southern District of Texas. The district court agreed with the bankruptcy court that, because the tax sale violated the automatic stay provision of § 362, it was invalid and incapable of transferring the mortgagee's lien interest in the property to Elbar.[2]

---

[2] Before both the bankruptcy court and the district court, Elbar further argued that 11 U.S.C. § 549(c) carves-out an exception to the automatic stay provision for good-faith

## II. DISCUSSION

Like the district court, we review the bankruptcy court's factual findings for clear error and its legal conclusions <u>de novo</u>. <u>Universal Seismic Assocs., Inc. v. Harris County (In re Universal Seismic Assocs., Inc.)</u>, 288 F.3d 205, 207 (5th Cir. 2002).

On appeal, Elbar reasserts its position that it purchased the mortgagee's interest in the debtor's homestead property at the August 1, 2000, tax sale. Elbar correctly states that, in many instances, the automatic stay provision does not bar creditors from enforcing a pre-petition judgment against a Debtor's co-defendants. <u>See, e.g.</u>, <u>Wedgeworth v. Fibreboard Corp.</u>, 706 F.2d 541 (5th Cir. 1983). Nevertheless, Elbar cites no authority that even remotely supports its novel theory that the highest bidder at an invalid tax sale obtains the mortgagee's security interest in the property, simply because the mortgagee was an in rem co-defendant in the Debtor's tax deficiency

---

purchasers of a Debtor's real property who lack notice of the Debtor's pending bankruptcy. The bankruptcy court and the district court disagreed, however, and held that a post-petition foreclosure sale of the Debtor's property is invalid under § 362 automatically, unless the bankruptcy court chooses to exercise its discretion to annul the stay retroactively. Since the bankruptcy court did not exercise its discretion in this case, both courts concluded that Elbar's attempt to purchase the Debtor's property at the tax sale was not salvaged by § 549(c).

In its brief on appeal, Elbar neither raises this issue nor argues that § 549(c) creates an exception to § 362. Therefore, this argument has been waived and will not be considered by this court. <u>United Paperworkers Int'l Union v. Champion Int'l Corp.</u>, 908 F.2d 1252, 1255 (5th Cir. 1990).

judgment.[3]  Critically, 11 U.S.C. § 362(a) automatically stayed the tax sale proceedings; thus, the bankruptcy court correctly held that the tax sale conducted on August 15, 2000, was null and without legal effect.  We therefore agree with the bankruptcy and district courts that Elbar did not acquire <u>any</u> interest in the Debtor's property on August 15, 2000.

### III.  CONCLUSION

Accordingly, we AFFIRM the district court's judgment affirming the decision of the bankruptcy court.

---

[3]     In Texas, "a lien holder must be joined as a party in a suit to enforce a tax lien," <u>Murphee Prop. Holdings, Ltd. v. Sunbelt Sav. Ass'n</u>, 817 S.W.2d 850, 852 (Tex. App.—Houston [1st Dist.] 1991, no writ), because its lien will be "subject to preemption by the tax lien[]" once a tax deficiency judgment is rendered against the owner of the real property, <u>BW Village, Ltd. v. Tricorn Enters., Inc.</u>, 879 S.W.2d 205, 207 (Tex. App.—Houston [14th Dist.] 1994, writ denied).  But the lien holder is merely an in rem defendant, and is "not jointly and severally liable . . . for the [tax] judgment"; rather, it is "joined as a party solely in its capacity as a lienholder." <u>Id.</u> at 206-07.  Thus, Elbar's analogy between the mortgagee in this case and the co-defendants in <u>Wedgeworth</u> fails to persuade.  <u>See</u> 706 F.2d at 542-46 (holding that the automatic stay does not prevent suits against a Debtor's joint tortfeasors).