**In re Maher ABUSAAD, Debtor.**

**Ben Singleton d/b/a Equity Investments Group, Plaintiff,**

v.

**Maher Abusaad and Thomas Dwain Powers, Trustee and Springpark Homeowners Association, Inc.**

**Bankruptcy No. 03–81289.
Adversary No. 03–3973.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

March 18, 2004.

---

Roger Jacobsen, Plano, TX, for Plaintiff/Cross Defendant.

Robert M. Nicoud, Jr., Olson, Nicoud & Gueck, L.L.P., Dallas, TX, for Defendant/Counter Plaintiff, Maher Abusaad.

Lance E. Williams, Riddle, Williams & Blend, Dallas, TX, for Defendant Springpark Homeowners Association, Inc.

## MEMORANDUM OPINION

HARLIN D. HALE, Bankruptcy Judge.

Does a post-petition sheriff's sale of real property of a debtor conducted without

actual knowledge by the judgment creditor or the purchaser of the filing of the bankruptcy petition, violate the automatic stay of Bankruptcy Code § 362? And, if so, does Bankruptcy Code § 549(c) constitute an exception to § 362 and protect the sale to the good faith purchaser? Having considered the arguments and briefing of the parties and the case law relevant to this issue, the Court finds that the post-petition sheriff's sale of the property of the debtor violated the automatic stay and that § 549(c) does not protect the purchaser.

### Facts and Procedural History

The debtor in this bankruptcy case, Maher Abusaad ("Debtor"), owned certain real property located at 3111 Debra Court, Garland, Texas which was subject to homeowners association dues owed to Springpark Homeowners Association, Inc. ("Springpark"). Prior to the petition, the Debtor became delinquent on his homeowners dues. Springpark sued the Debtor in state court and obtained a default judgment on January 27, 2003. On August 12, 2003, the state district court issued an order of sale, ordering the sale of the Debra Court property in satisfaction of the judgment. The sheriff's sale of the Debra Court property was scheduled for November 4, 2003. In accordance with Texas law, notice of the proposed sale was provided to the Debtor.

The day before the scheduled sale the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. Notice of the bankruptcy filing was sent that day via facsimile to counsel for Springpark. Apparently, counsel for Springpark did not become aware of the fax until after the sheriff's sale of the Debra Court property the following day. Neither a copy of nor notice of the bankruptcy petition was filed in the real property records prior to the sheriff's sale. Ben Singleton, d/b/a Equity Investments Group ("Singleton") purchased the Debra Court property at the sheriff's sale for $11,600.00. A Sheriff's Deed was filed in Dallas County on the day of the sale. Singleton did not have notice at the time that he purchased the property of the filing of the bankruptcy petition by the Debtor.

After learning of the bankruptcy, Springpark filed a motion in state court to rescind the sheriff's sale. In this court purchaser Singleton filed a motion to lift the stay to allow him to take possession of the Debra Court property. Singleton also filed this adversary proceeding seeking a declaratory judgment that his purchase of the property was protected under § 549(c) of the Bankruptcy Code. The parties stipulated to the facts and requested the Court to hear the adversary and the motion to lift stay at the same time.

### Legal Analysis

**1. Did the Post-petition Transaction Violate the Automatic Stay?**

The general purposes of the automatic stay are "to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir.2003). Under § 362(a) of the Bankruptcy Code, the filing of a bankruptcy petition operates as a stay of any act to enforce a judgment obtained prior to the commencement of the case and any act to enforce a lien against property of the estate. 11 U.S.C. § 362(a)(2), (4). It is undisputed that the Debra Court property was property of the Debtor that became property of the estate upon the commencement of the case. The sale of the property after the petition was filed clearly constituted an act to enforce Springpark's judgment against the Debtor

and/or an act to enforce Springpark's lien against property of the estate. Such acts violated the automatic stay regardless of whether Springpark or the Sheriff or the purchaser had knowledge of the filing of the petition. *See In re Calder,* 907 F.2d 953 (10th Cir.1990); *Elbar Investments, Inc. v. Pierce (In re Pierce),* 272 B.R. 198, 203 (Bankr.S.D.Tex.2001)("The stay is effective upon the filing of the case, regardless of notice.").

### 2. The Effect of A Transaction That Violates the Automatic Stay

Singleton argues that even if the transfer violated the stay, the provisions of § 549(c) of the Bankruptcy Code prevent the recovery of the post-petition transfer from him because he purchased the property in good faith without knowledge of the commencement of the case and for present fair equivalent value. The Debtor argues that § 549(c) does not apply because the transfer that violated the automatic stay was null and void—in essence, there is nothing to recover because the transfer is treated as never having occurred.

■ The Debtor's argument is perhaps based on the Supreme Court's decision in *Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940), which held that an action taken in violation of the automatic stay under the Bankruptcy Act was void. This, however, is no longer the law, at least in the Fifth Circuit. In *Sikes v. Global Marine, Inc.,* 881 F.2d 176 (5th Cir.1989), the Fifth Circuit held that acts taken in violation of the automatic stay under the Bankruptcy Code are "voidable rather than void." *Id.* at 178. The Court apparently recognized that its ruling may be considered to be in conflict with the Supreme Court's holding in *Kalb* because it addressed the apparent conflict in a footnote. Specifically, the Fifth Circuit explained,

Our decision today does not conflict with the Supreme Court's holding in *Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940) .... When the Supreme Court decided *Kalb* in 1940, bankruptcy referees had the express statutory power to modify or terminate the automatic stay. The power to annul the stay had not been authorized. Accordingly, where the violation of the stay was statutorily proscribed and an applicable exception did not exist, the violative action was void. That scenario no longer exists.

*Id.* at 179, n. 2. The power of the bankruptcy court under the Code to retroactively annul the automatic stay, thus validating an act that would otherwise have violated the stay, requires the treatment of an act violating the stay as "voidable" and not "void." This is because, as the Fifth Circuit pointed out in *Sikes,* a "void" act is defined as an act that is "nugatory and of no effect and cannot be cured" whereas a "voidable" act is an act that "may be either voided or cured." *Id.* at 178 (citing *Black's Law Dictionary,* 1411 (5th ed.1979) and *In re Oliver,* 38 B.R. 245 (Bankr.Minn. 1984)). The Appeals Court quoted from a 1906 opinion in which it had observed that when "technical accuracy is desired, the term 'void' can only be properly applied to those [transactions] ... that are of no effect whatsoever, mere nullities, ... and therefore incapable of confirmation or ratification." *Sikes,* 881 F.2d at 178 (alteration in original)(quoting *Haggart v. Wilczinski,* 143 F. 22, 27 (5th Cir.1906)).

In subsequent cases, the Fifth Circuit reiterated that actions taken in violation of the automatic stay are "voidable," not "void." *See Picco v. Global Marine Drilling Co.,* 900 F.2d 846, 850 (5th Cir.1990)("[A]ctions taken in violation of an automatic stay are not *void,* but rather that they are merely *voidable,* because the

bankruptcy court has the power to annul the automatic stay pursuant to section 362(d)."); *Jones v. Garcia,* 63 F.3d 411, 412 (5th Cir.1995)("It is well-settled that 'actions taken in violation of the automatic stay are not *void,* but rather they are merely *voidable,* because the bankruptcy court has the power to annul the automatic stay pursuant to section 362(d).' ")(quoting *Picco,* 900 F.2d at 850, *citing Sikes,* 881 F.2d 176).

■ One must not bog down too much in the "void" v. "voidable" contest. Regardless of the label placed on the effect of an action taken in violation of the stay, it is clear that such an action is invalid and of no effect unless and until the action is made valid by subsequent judicial action annulling the automatic stay. See *Elbar Investments, Inc. v. Pierce (In re Pierce),* 272 B.R. 198 (Bankr.S.D.Tex.2001), *aff'd,* 91 Fed.Appx. 927 (5th Cir.2004), a well-reasoned opinion by Judge Steen in which the court discusses the effect of a transaction that violates the stay:

> Although both "void" and "voidable" both deal with transactions or occurrences that were not valid when they occurred, the distinction between them is that if the transaction is absolutely "void", it can never become valid. If it is "voidable" it can be made valid by subsequent judicial decision. Until that decision is rendered, however, it is not valid.... The important point is that both words deal with events that were invalid when they occurred.

*Id.* at 207 n. 21. In this case, the post-petition sale of the Debtor's property violated the automatic stay and was thus invalid when it occurred.

*3. The Interplay Between § 362 and § 549: Does § 549 Save the Good Faith Transferee?*

■ If the transfer of the Debtor's property at the sheriff's sale was invalid,

what effect, then, does § 549(c) of the Bankruptcy Code regarding post-petition transfers have on the transaction? Section 549(c) provides, in part, "The trustee may not avoid under subsection (a) of this section a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair and equivalent value ...." The Debtor argues that because the transfer of the property is invalid, § 549 never comes into play. Springpark, on the other hand, argues that § 549(c) is either an exception to § 362 or that it somehow transmogrifies an otherwise invalid transfer into a valid transfer. For the following reasons, this Court finds that § 549(c) does not apply to protect Springpark.

As Judge Steen pointed out in *Pierce,* it is "the debate between 'void' and 'voidable' [that] causes great mischief [and] seduces one to think that § 549(c) should be considered in this analysis." However, if an action is taken in violation of the automatic stay and there is no subsequent judicial determination that the action should be made valid by the annulling of the automatic stay, that action is invalid and of no effect at the time of its occurrence. Because the Fifth Circuit does not require that an action be brought to "avoid" a transaction that has occurred in violation of the stay, *see Pierce,* 272 B.R. at 209–10, § 549, which deals with the trustee's ability to *avoid* a post-petition transfer, is never implicated. Rather, the proper analysis is whether the automatic stay should be annulled. *Id.* at 209 ("The correct analysis, according to the Fifth Circuit, is for the judge to determine whether to grant retroactive relief under § 362(d)."). Because Springpark has not provided adequate grounds for this Court to annul the automatic stay, the Court will not do so.

Furthermore, this Court rejects Springpark's argument that § 549(c) constitutes

an exception to the automatic stay. First, Congress set forth specific exceptions to the automatic stay within § 362 itself. Had Congress intended § 549(c) to be an exception to the automatic stay, it would have included its provisions among the exceptions to the automatic stay listed in § 362.

As several other courts have pointed out in recent cases, § 362 and § 549 apply to two completely different types of transactions. *See 40235 Washington Street Corp. v. Lusardi,* 329 F.3d 1076 (9th Cir.2003); *Ford v. Loftin (In re Ford),* 296 B.R. 537 (Bankr.N.D.Ga.2003). Although the statute applies to "all entities," § 362 generally prohibits *involuntary* transfers of assets unless permitted by the lifting of the stay. *Ford,* 296 B.R. at 548. Such transfers are simply invalid and of no effect. Voluntary transfers by the Debtor or a representative of the estate, however, are more appropriately addressed in other sections of the Bankruptcy Code such as § 363, § 364, and § 554. Those sections provide for the *voluntary* disposition of estate assets if *authorized. Id.*

■ Section 549(a) allows a trustee is avoid certain *voluntary* transfers that occur post-petition and that were not otherwise *authorized* by the court pursuant to any of the applicable provisions of the Code. *See Lusardi,* 329 F.3d at 1081 ("The purpose of section 549 ... is to provide a just resolution when the debtor himself initiates an unauthorized postpetition transfer. The general rule in such situations is that the trustee is authorized to avoid the transfer in order to protect the creditors."); *Ford,* 296 B.R. at 548 ("Section 549(a) provides a remedy for the avoidance of *voluntary* transfers that are *unauthorized* ...."). Section 549(c), by its very terms is not an exception to § 362, but an exception to the trustee's avoiding powers under § 549(a). Because § 549(a) only applies to voluntary transfers, § 549(c) cannot be raised as a defense to an involuntary transfer made in violation of the automatic stay.

### 4. Plain Meaning Triumphs

Although this Court agrees with the analysis set forth by the courts in *Lusardi* and *Ford,* a more compelling argument that § 549(c) does not apply to protect Springpark in this case is the fact that Congress chose to provide protection in § 549(c) only to a good faith "purchaser." A "purchaser" is defined in the Bankruptcy Code as a "transferee of a *voluntary* transfer, and includes immediate or mediate transferee of such a transferee." 11 U.S.C. § 101(43) (emphasis added). The express language of § 549(c), then, determines the answer. Section 549(c) provides protection to a purchaser in a voluntary transaction with the debtor. A Texas sheriff's sale is a far cry from a voluntary sale of real property. Therefore, Springpark is not a transferee of a *voluntary* transfer and thus not a "purchaser" under the statute. The protections of § 549(c) do not apply to the present situation where the property was bought at a forced sale.

### Conclusion

For the foregoing reasons, this Court finds that the post-petition involuntary transfer to Springpark of the Debtor's homestead at the sheriff's sale violated the automatic stay and is, therefore, invalid and of no effect. The Court does not find that sufficient cause has been presented to annul the automatic stay. The Court further finds that the provisions of § 549(c) do not apply to the transfer in question and that Springpark, as transferee, is not protected by such provisions.

**IT IS ORDERED** that counsel for the Debtor shall prepare an order and judg-

ment consistent with this memorandum opinion.

## FINAL JUDGMENT

On the 3rd day of February, 2004 this Court heard oral argument from the parties. On March 18, 2004, this Court issued a Memorandum Opinion. For the reasons stated in the Memorandum Opinion the Court is of the opinion that this Judgment should issue.

It is ORDERED, ADJUDGED AND DECREED that the Sheriff's Deed dated November 4, 2003 and recorded at Vol. 20033218, Page 04039 of the Deed Records of Dallas County, Texas is declared null and void.

It is further ORDERED ADJUDGED AND DECREED that title to the following property is hereby vested in Maher Abusaad:

3111 Debra Court, Garland, Dallas County, TX, Lot R65, Block 1 of Springpark Central First Addition, an Addition to the City of Garland according to the Plat recorded in Volume 86070 Page 1831 Map Records of Dallas County, Texas and more commonly known as 3111 Debra, Garland, Dallas County, TX