**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 19, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-20608

IN THE MATTER OF: JOSE D. CUEVA
------------------------------

VINCENT BUSTAMANTE,

Appellant - Cross-Appellee,

VERSUS

JOSE C. CUEVA; OCWEN FEDERAL BANK, FSB; NORWEST BANK MINNESOTA,
INDIVIDUALLY AND AS TRUSTEE FOR THE AMRESCO RESIDENTIAL
SECURITIES MORTGAGE LOAN TRUST 1998-3; AMRESCO RESIDENTIAL
SECURITIES MORTGAGE LOAN TRUST 1998-3,

Appellees,

SETTLE & POU PROFESSIONAL CORPORATION,

Appellee - Cross-Appellant.

Appeals from the United States District Court
for the Southern District of Texas, Houston

Before REAVLEY, DAVIS and DeMOSS, Circuit Judges.

DeMoss, Circuit Judge:

This is an appeal of the district court's reversing in part, affirming in part, and remanding the case back to the bankruptcy court. There was a foreclosure sale of property owned by Cueva that was part of a bankruptcy proceeding and therefore subject to an automatic stay pursuant to 11 U.S.C. § 362. Bustamante

purchased a one-half interest in that property at a foreclosure sale and then subsequently purchased the other one-half interest. In an adversary action brought by Bustamante, the bankruptcy court awarded him a one-half interest in the property and awarded Cueva the other one-half interest. The parties appealed. The district court reversed the portion of the bankruptcy court's award that granted Bustamante a one-half interest in the property. Bustamante, *inter alia*, now appeals.

## BACKGROUND

This appeal arises from the district court's reversal in part of a judgment by the bankruptcy court. The following facts were found by the bankruptcy court in its Memorandum Opinion entered July 24, 2001, and are undisputed.

The real property that is the subject of this appeal is located at 6006 Memorial Drive in Houston, Texas (the "Property"). After Appellee Cueva defaulted on his note on the Property, Appellee - Cross-Appellant Settle & Pou, P.C., obtained an order for foreclosure.[1]

Jonathan Campbell and Appellant - Cross-Appellee Bustamante often purchased property at foreclosure sales. On December 6,

---

[1] Cueva executed a nonrecourse note to Champion Credit Corporation on June 5, 1998, for $170,000.00. The note was secured by a lien on the Property. The lien was assigned to Norwest Bank Minnesota, N.A., as trustee for Amresco Residential Securities Mortgage Loan Trust 1998-3. Amresco assigned servicing of the loan to Ocwen Federal Bank FSB effective December 1, 1999.

1999, the day before the foreclosure sale at issue, Campbell visited the Property twice and spoke with a man on the Property. Cueva testified he spoke with Campbell on the evening of December 6, 1999. Cueva told Campbell that the Property would not be foreclosed because he had filed for bankruptcy. Bustamante did not speak with Cueva or visit the Property before the sale. Bustamante did not know about Campbell's visit until June 2000.

Cueva's bankruptcy proceeding actually was filed on December 7, 1999, sometime between 9:00 a.m. and 9:30 a.m. On December 7, 1999, Cueva's bankruptcy attorney faxed a notice of the bankruptcy to Appellee - Cross-Appellant Settle & Pou, which received the notice at 9:32 a.m. Settle & Pou were the attorneys and the authorized agents for Appellees Norwest, Amresco, and Ocwen (the "Lienholders"), and thus those parties were charged with notice of the bankruptcy three to four hours prior to the foreclosure. Settle & Pou did not notify the substitute trustee of the bankruptcy filing and the foreclosure sale went forward.

On the day of the sale, Bustamante and Campbell agreed they would each purchase an undivided one-half interest in the Property. Bustamante and Campbell were the successful bidders at the foreclosure sale. Bustamante and Campbell signed a "Purchaser's Acknowledgment" acknowledging, among other things, that the sale was subject to bankruptcy by the debtor. The Property was purportedly conveyed to Bustamante and Campbell by deed dated December 7, 1999, and recorded December 13, 1999. Ocwen received

the proceeds of the sale on December 29, 1999. After learning of the bankruptcy case, Ocwen reinstated Cueva's debt and returned the funds to the foreclosing attorneys, Settle & Pou. Bustamante learned of Cueva's presale bankruptcy filing in March 2000. Nonetheless, Bustamante purchased Campbell's one-half interest on May 24, 2000.

Bustamante brought an adversarial proceeding in bankruptcy court. Bustamante sought a declaration from the bankruptcy court and relief from the automatic stay to the effect that his and Campbell's post-bankruptcy purchase of real property of the debtor, Cueva, at the foreclosure sale, was valid and was not voided by the automatic stay. Bustamante also alleged that the Lienholders caused the foreclosure sale to proceed despite receiving notice of Cueva's bankruptcy, and he sought damages from them under the Texas Deceptive Trade Practices Act ("DTPA"). Cueva counterclaimed against Bustamante seeking avoidance of the foreclosure sale under the bankruptcy code's automatic stay provision and alleged third-party damages against the Lienholders, Campbell, and Settle & Pou for violation of the automatic stay. The Lienholders counterclaimed against Cueva for judicial foreclosure of the lien against the Property.

On January 3, 2002, the bankruptcy court entered a Final Judgment in the adversarial proceeding based on its findings of fact and conclusions of law in its Memorandum Opinion entered July 24, 2001, and its Order Supplementing Memorandum Opinion

4

entered December 5, 2001. The bankruptcy court awarded Bustamante an undivided one-half interest in the Property based on his status as a good faith purchaser without notice of the bankruptcy at the time of the foreclosure sale, together with judgment for one-half of the accrued rents on the Property. The court held that although the foreclosure sale violated § 362, the automatic stay provision of the bankruptcy code, under 11 U.S.C. § 549(c) of the bankruptcy code Bustamante did not have notice of the bankruptcy and therefore was a good faith purchaser, meaning his purchase of a one-half interest of the Property was valid. The bankruptcy court awarded the other one-half interest in the Property and the rents thereon to Cueva, holding that Campbell's purchase of a one-half interest at the foreclosure sale was void because he had notice of the bankruptcy at the time of the sale. The bankruptcy court held that because Campbell's purchase was void, Campbell transferred no interest in the Property to Bustamante. The bankruptcy court also determined that Bustamante was not entitled to damages under the Texas DTPA against the other defendants (the Lienholders). The bankruptcy court also concluded that Cueva could recover attorney's fees, rents, and damages from the Lienholders and Settle & Pou for the value of the undivided one-half interest in the Property that was sold to Bustamante; and that Ocwen could recover the proceeds from the foreclosure sale.

Bustamante appealed to the district court, contesting only the denial to him of the Property share awarded Cueva, rents on it and,

5

alternatively, a lien on the Cueva share. Bustamante did not dispute or appeal the denial of damages on his DTPA claim.

Cueva also appealed. He contested the award to Bustamante of a one-half interest in the Property and rents associated with that interest. Neither Bustamante nor Cueva objected to or appealed the award of the foreclosure bid proceeds to Ocwen.

After the issuance of the judgment of the bankruptcy court and during the course of the district court appeal, the Property was sold with the approval of the bankruptcy court. The Lienholders received the sales proceeds of $191,962.00 in satisfaction of the lien, and Settle & Pou paid the money judgments without prejudice to any issues on appeal.

On March 3, 2003, the district court entered its Memorandum and Order, holding that the foreclosure sale violated the automatic stay imposed by § 362. Observing that no party had sought retroactive annulment of the automatic stay, the district court reversed the award to Bustamante of his share in the Property. The award to Cueva of his interest in the Property was affirmed, as was the denial of a lien against the Property. Because the district court reversed part of the bankruptcy court's judgment, it remanded the case to the bankruptcy court for further proceedings. Bustamante filed a motion for reconsideration that was denied.

Bustamante and Settle & Pou filed notice of appeal to this Court. Bustamante now appeals the district court's ruling in its entirety. He argues that he was entitled to both his one-half

6

interest and Campbell's one-half interest in the Property. Settle & Pou appeals only the district court's reversal of the portion of the bankruptcy court's judgment awarding one-half of the Property and the rents thereon to Bustamante. It is Settle & Pou's contention on this appeal that the bankruptcy court reached the correct result in this case for the wrong reason, and that its judgment should have been affirmed by the district court, and should now be reinstated by this Court. The Lienholders argue in favor of affirming the district court. Cueva also argues for affirming the district court and makes some additional arguments that relate more to the disposition of the case on remand to the bankruptcy court.

## **DISCUSSION**

**Whether the district court erred in holding that Bustamante could not use 11 U.S.C. § 549(c) as an exception to the automatic stay imposed by 11 U.S.C. § 362.**

The findings of fact of the bankruptcy court are not contested. This appeal concerns a challenge to the bankruptcy and district courts' legal conclusions, which this Court reviews *de novo*. *In re Bradley*, 960 F.2d 502, 507 (5th Cir. 1992). This Court "may affirm if there are any grounds in the record to support the judgment, even if those grounds were not relied upon by the courts below." *In re Besing*, 981 F.2d 1488, 1494 (5th Cir. 1993).

When a bankruptcy case is filed, § 362 automatically imposes a statutory stay against "any act to . . . enforce any lien against

7

property of the estate." 11 U.S.C. § 362(a)(4). Such actions are invalid, whether or not a creditor acts with knowledge of the stay. *See, e.g., In re Caulder*, 907 F.2d 953, 956 (10th Cir. 1990), *cited with approval in In re Jones*, 63 F.3d 411, 412 n.3 (5th Cir. 1995). Through the broad discretion granted bankruptcy courts, however, § 362(d) provides that under certain conditions, when a party pursues retroactive annulment or modification of the automatic stay, a court may grant relief from a stay by "terminating, annulling, modifying, or conditioning such stay." 11 U.S.C. § 362(d). In this case, the bankruptcy court and district court found that no party requested retroactive relief from the stay and no relief was granted. Bustamante claims, in his brief on appeal, to have asked for retroactive relief from the automatic stay. But it appears he did not specifically request relief under § 362(d). It is clear the bankruptcy court and district court never considered Bustamante to be requesting retroactive relief under § 362(d). The issue of whether he requested such relief or whether he can still request such relief, however, can be addressed on remand to the bankruptcy court.[2]

---

[2] Settle & Pou argues on appeal that the bankruptcy court reached the right result for the wrong reasons. Settle & Pou admits the bankruptcy court's decision based on § 549(c) was erroneous but that the bankruptcy court could have exercised its discretion under § 362(d)(1) to retroactively annul the automatic stay in order to render Bustamante's purchase of a one-half interest in the Property at the foreclosure sale valid. Settle & Pou is correct that the bankruptcy court is afforded this discretion under § 362(d)(1), but because such relief is

8

Section 362 delineates eighteen exceptions to the automatic stay. 11 U.S.C. § 362(b)(1) - (18). There is no exception for bona fide purchasers. Because § 362 does not prohibit a debtor from disposing of property belonging to the bankruptcy estate, § 549 provides additional protection to the estate for post-petition transactions neither subject to § 362(a) nor authorized by the court. 11 U.S.C. § 549. In pertinent part, § 549(a) provides:

> Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate - (1) that occurs after the commencement of the case; and (2) . . . (B) that is not authorized under this title or by the court.

11 U.S.C. § 549(a).

Subsection § 549(c) gives a "bona fide purchaser" a defense to a trustee's avoidance powers under § 549(a). It states in pertinent part:

> The trustee may not avoid under subsection (a) of this section a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bonafide purchaser of such property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to the interest of such good faith purchaser.

11 U.S.C. § 549(c). In other words, § 549(c) only applies as a

---

discretionary and this issue has not been addressed by either the bankruptcy court or the district court (because both courts believed Bustamante did not request such relief), we will let the bankruptcy court address this issue of its discretionary authority on remand.

defense to the limited authority of a bankruptcy trustee to "avoid" certain transfers of property under § 549(a).

Bustamante argues that § 549(c) is not only a defense to avoidance actions, but also an affirmative cause of action for purchasers. This argument ignores the plain language of § 549(c) and is not supported by case law.

A recent case, *In re Pierce*, presented this same issue. 272 B.R. 198, 204 (Bankr. S.D. Tex. 2001). In an unpublished order, the district court affirmed the bankruptcy court's decision that a foreclosure in violation of the automatic stay of § 362 is invalid unless the stay is retroactively annulled and § 549 is inapplicable to acts taken in violation of § 362. The bankruptcy court noted:

> [The purchaser] mistakes the nature of the relief afforded by section 549. That section does not validate sales to good faith purchasers. Section 549 empowers a trustee in bankruptcy to avoid certain post-petition transfers and gives good faith purchasers a defense if the trustee attempts to nullify their (otherwise valid) transactions. [The purchaser] postures its suit as seeking a declaratory judgment that an avoidance action, if brought by the trustee, would not succeed. But the suit is actually a suit to declare that the sheriff's sale is valid, notwithstanding violation of the automatic stay. If [the purchaser] had asked, in a straightforward way, for that relief, section 549 would clearly not apply. It is only by contorting the request for relief that [the purchaser] can raise the issue of "good faith purchaser." This adversary is not brought by a trustee to avoid a transfer. Section 549 simply does not apply.

*Pierce*, 272 B.R. at 205. The bankruptcy decision went on to explain that the sale was contrary to federal law and was invalid

when it occurred. *Id*. at 208. And "[a]lthough it can be made valid by retroactive relief from the [automatic] stay, no one has a right to rely on the transaction until and unless it is validated by court action." *Id*. This case was appealed and affirmed in a unpublished opinion by a panel of this Court; however, this issue was not raised on appeal and therefore not addressed by the panel.

The conclusions of the bankruptcy and district courts in *Pierce* are consistent with Texas law. Texas law has long held that foreclosures in violation of the automatic stay are invalid, even if the parties did not have notice of the bankruptcy, unless retroactive relief from the stay is granted by the court. *See, e.g., Cont'l Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988) (per curiam); *Paine v. Sealy*, 956 S.W.2d 803, 805 (Tex. App.-Houston [14th Dist.] 1997, no writ).

This Court has dealt with this issue only indirectly in *Jones*. There the Chapter 13 debtor argued that a post-petition foreclosure sale was void and absolutely barred because it violated the automatic stay. 63 F.3d at 412. The bankruptcy court declined to void the transfer of title, finding that the purchasers bought in good faith without notice of bankruptcy and were therefore protected by § 549(c). *Id*. The district court affirmed on appeal, but not on § 549(c) grounds. Rather, the district court modified the automatic stay retroactively pursuant to § 362(d), thus validating the sale and transfer. *Id*. This Court affirmed the

11

district court, finding neither error nor an abuse of discretion because "[t]he judgment appealed specifically relie[d] upon section 362(d) for its modification of the automatic stay," *id*. at 413, and the "section 549(c) exception [was] not implicated in [the] case." *Id*. at 413 n.6. In confirming a court's broad power to modify or annul the automatic stay, even retroactively, this Court noted that § 549(c) simply serves as an "exception to the discretionary authority of the bankruptcy trustee to 'avoid' certain transfers of property under section 549(a)." *Id*. The opinion further explained that the post-petition foreclosure sale was "not one of the class of transactions [*i.e.*, a § 549(a)(2)(B) court order] which § 549(a) allows the bankruptcy trustee to avoid" because the sale had been retroactively validated by the district court pursuant to § 362(d). *Id*.

In short, § 549(c) is not a exception to the automatic stay imposed by § 362, and there is no authority to support Bustamante's position to the contrary. As the district court noted, the bankruptcy court erroneously relied on dicta in a Ninth Circuit opinion that has subsequently been criticized by that Circuit and is contrary to the law in this Circuit.[3] Therefore, the district

___

[3] Bustamante, like the bankruptcy court, relies on dicta in a Ninth Circuit case which appears to suggest that § 549(c) can be used as an exception to the § 362 stay. *See In re Schwartz*, 954 F.2d 569, 573 (9th Cir. 1992). The Ninth Circuit Bankruptcy Appellate Panel has since rejected any interpretation of the dicta in *Schwartz* as permitting the use of § 549 to retroactively validate creditor-initiated transactions in violation of the stay

court did not err in reversing that part of the bankruptcy court's decision.

Additionally, for the same reasons that the sale was invalid as to Bustamante's interest, *i.e.*, the foreclosure sale was in violation of the automatic bankruptcy stay and therefore invalid, the sale was also invalid as to Campbell's interest. Bustamante purchased Campbell's interest as speculation in the outcome of a known title dispute and not as a good faith purchaser from a void foreclosure title holder. Accordingly, the district court correctly affirmed the decision of the bankruptcy court awarding Campbell's one-half interest that Bustamante purchased to Cueva.

Bustamante also raises several other claims. First, he claims he is due damages under 11 U.S.C. § 550 of the bankruptcy code. This claim, however, is incorrect because § 550 damages are only available when a trustee files an avoidance action and not for § 362 invalidation of the foreclosure sale. 11 U.S.C. § 550.

Second, Bustamante claims that state law regarding equitable subrogation grants him a lien against the Property. Equitable subrogation is a matter left to the court's discretion; Bustamante has not challenged the findings of fact and therefore would have to prove as a matter of law that he is entitled to a lien. *See First Nat'l Bank of Kerrville v. O'Dell*, 856 S.W.2d 410, 415-16 (Tex.

---

and held, consistent with the plain language of § 549 and this Circuit's case law, that § 549(c) cannot be used in such a way. *In re Mitchell*, 279 B.R. 839, 842-44 (9th Cir. B.A.P. 2002).

13

1993); *see also In re Mendoza*, 111 F.3d 1264, 1271 (5th Cir. 1997)(Justice, J., concurring and dissenting in part). He has not done so.

Finally, the bankruptcy court awarded no damages or other relief under the DTPA. Bustamante neither complained about nor appealed that decision. The issue was first raised in Bustamante's motion to modify the district court's order reversing all relief awarded him. Because the issue was not timely raised and therefore waived, the district court correctly rejected the complaint. *See In re GGM, P.C.*, 165 F.3d 1026, 1031-32 (5th Cir. 1999).

## CONCLUSION

The foreclosure sale was invalid, the stay was not modified, and therefore Bustamante was not entitled to possession or ownership of the Property. For the same reasons, Bustamante is not entitled to ownership or possession through Campbell's interest. Additionally, Bustamante's other claims fail. Therefore, the decision of the district court was correct and is affirmed. Accordingly, we remand the case to the bankruptcy court for any further determinations not inconsistent with this opinion or the opinion of the district court.

**AFFIRMED.**