**In re Anthony Erwin STRIBLIN, Debtors.**

No. 06–1087–3F3.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Aug. 31, 2006.

David J. Pinkston, Pinkston and Pinkston, P.A., Jacksonville, FL, for Debtor.

## ORDER DENYING MOTION FOR RE-HEARING AND/OR RECONSIDER-ATION FILED BY MANKUS PROPERTIES, INC.

JERRY A. FUNK, Bankruptcy Judge.

This case came before the Court upon Motion for Rehearing and/or Reconsideration (the "Motion for Rehearing") filed by Mankus Properties, Inc. ("Mankus"). The Court conducted a hearing on the matter on July 12, 2006. The following facts are undisputed.

Debtor filed a Chapter 13 bankruptcy petition on April 18, 2006. On May 4, 2006 Mankus' vice-president appeared at a foreclosure sale of debtor's homestead (the "Property") in Duval County, Florida (the "Sale"). Mankus was the highest bidder at the Sale and purchased the Property. Prior to the sale Mankus' vice-president was not aware that Debtor had filed bankruptcy. Mankus received notice of Debtor's bankruptcy on May 8, 2006.

On May 11, 2006 Mankus filed Motion for Relief from Stay. Mankus sought termination of the automatic stay on the basis that Debtor had no equity in the Property and it was not necessary to an effective reorganization. The Court conducted a hearing on the matter on June 6, 2006. Mankus did not present evidence at that hearing. Debtor testified that there was equity in the Property and that the Property was needed for an effective reorganization. The Court set the matter for a final evidentiary hearing on July 26, 2006. Upon further reflection, the Court found that a further hearing was not necessary. On June 8, 2006 the Court entered Order Denying Mankus' Motion for Relief from Stay.

On June 16, 2006 Mankus filed the Motion for Rehearing. Mankus asserts that because it purchased the Property without having received notice of the bankruptcy case, it was a good faith purchaser pursuant to 11 U.S.C. § 549(c).[1] Although it is not clear, Mankus appears to be arguing that the Sale was not a violation of the automatic stay.

■ The automatic stay operates to enjoin a creditor from attempting to possess or to exercise control over property of a bankruptcy estate once a petition has been filed. 11 U.S.C. § 362 (2006). "Actions taken in violation of the automatic stay are void and without effect." *Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir.1982). Unless one of the exceptions to the automatic stay applies, Mankus' purchase of the Property at the Sale is without effect.

■ Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA), a number of courts concluded that § 549(c) was not an exception to the automatic stay. *See Bustamante v. Cueva (In re Cueva),* 371 F.3d 232, 237 (5th Cir.2004); *40235 Washington Street Corp. v. Lusardi,* 329 F.3d 1076, 1081 (9th Cir.2003); *In re Ford,* 296 B.R. 537, 549 (Bankr.N.D.Ga.2003); *In re Glendenning,* 243 B.R. 629, 633–34 (Bankr.E.D.Pa.2000); *New Orleans Air-port Motel Assocs. v. Lee (In re Servico, Inc.),* 144 B.R. 933, 934–937 (Bankr. S.D.Fla.1992). BAPCPA created a new exception to the automatic stay. Section 362(b)(24) excepts from the automatic stay a transfer that is not avoidable under § 544 and that is not avoidable under § 549. 11 U.S.C. § 362 (2006).

■ In order to determine whether § 362(b)(24) applies to the Sale, the Court must determine whether the Sale was a transfer that is not avoidable under section 549.[2] Section 549 applies only to debtor initiated transfers. *See 40235 Washington Street Corp. v. Lusardi,* 329 F.3d 1076, 1081 (9th Cir.2003) (noting that "[t]he purpose of section 549 ... is to provide a just resolution when a debtor himself initiates an unauthorized post-petition transfer"); *In re Ford,* 296 B.R. 537, 548 (Bankr. N.D.Ga.2003) (noting that § 549's purpose is to protect a debtor's estate from a debtor's unauthorized but voluntary post-petition transfer of estate property); 2 Henry J. Sommer & Lawrence P. King, *Collier Bankruptcy Manual* § 549.06 (3d ed.2006) (noting that the purpose of § 549(c) is to "protect against a fraudulent debtor selling real property, or its interest therein, for present fair equivalent value to an innocent purchaser who has no knowledge, or reasonable means of knowledge, of the pendency of the bankruptcy case").

---

1. 11 U.S.C. § 549 sets forth the circumstances under which a trustee may avoid post-petition transfers of property of a debtor's estate. Section 549(c) provides:

   The trustee may not avoid under subsection (a) of this section a transfer of an interest in real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of an interest in such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such real property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to such interest of such good faith purchaser. A good faith purchaser without knowledge of the commencement of the case and for less than present fair equivalent value has a lien on the property transferred to the extent of any present value given, unless a copy or notice of the petition was so filed before such transfer was so perfected.

2. Section 544 applies to pre-petition transfers and is therefore not relevant to the issue before the Court.

Moreover, even were the Court to find that § 549 applies to non-debtor initiated transfers, § 549(c) insulates a *transfer* to a bona fide purchaser, not the foreclosure sale itself, from the automatic stay. *See* Randolph J. Haines, *Does BAPCPA Validate Some Postpetition Foreclosure Sales That Would Otherwise Violate the Automatic Stay,* Norton Bankr.L. Adviser 1 (2005) (noting that "[n]othing in either § 549(c) or new § 362(b)(24) makes the holding of the postpetition foreclosure sale an exception to the automatic stay. If the intent of BAPCPA was to validate postpetition foreclosure sales held in innocence of the bankruptcy filing, it would have referenced the foreclosure sale, and not just the subsequent transfer to the purchaser at the sale.")

Because the Sale is not a transfer to which § 549 applies in the first instance, it is not "not avoidable under section 549" and is therefore not an exception to the automatic stay as set forth in § 362(b)(24). Because none of the exceptions to the automatic stay applies, Mankus' purchase of the Property at the Sale was void and without effect. Upon the foregoing, it is

**ORDERED:**

Motion for Rehearing and/or Reconsideration filed by Mankus Properties Inc. is denied.