**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 18, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))

No. 05-20886
(Summary Calendar)

)))))))))))))))))))))))))))

IN THE MATTER OF: JOSE D. CUEVA,

              Debtor.

VINCENT BUSTAMANTE,

              Appellant,

     v.

JOSE D CUEVA,

              Appellee.

---

Appeal from the United States District Court
for the Southern District of Texas, Houston
No. 4:05-CV-1888

---

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Once again, Vincent Bustamante comes before this court demanding a return of money he lost in foreclosure speculation. And, once again, we must deny him. The underlying facts and much of the procedural history of this case are well-established in

---

     [*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Bustamante v. Cueva (*In re* Cueva), 371 F.3d 232, 233-35 (5th Cir. 2004), and do not require repetition in any depth here.  The litigation stems from Bustamante's purchase at a foreclosure sale, later deemed void, of property formerly owned by Cueva. Id. at 233-34.  With the bankruptcy court's permission, the property was later sold by Cueva to a third party, and the lenders payed off.  Bustamante sought, and continues to seek, all or a portion of the money he paid to purchase the property.  Id.

In Bustamante, concluding that the Bankruptcy Code included no bona fide purchaser defense to the invalidity of a purchase of property from under an automatic stay, we upheld the district court's conclusion that Bustamante had purchased no interest in the property.  Id. at 238.  Additionally, we rejected his claims for damages, a lien by equitable subrogation and other relief under Texas law.  Id.  We remanded for a decision by the bankruptcy court not inconsistent with our ruling.  Id. at 239.

After this court denied Bustamante's petition for rehearing, Cueva moved to distribute the funds remaining in the bankruptcy court's registry.[1]  Bustamante responded with a motion to distribute the funds to himself; his motion raised neither legal nor equitable theories to support the disbursement.  The bankruptcy court ordered the funds disbursed to Cueva alone, which they were on July 15, 2004.  As a result, ultimately, the

---

[1] The funds were from Cueva's court-approved sale of the property on May 2, 2003.

lenders received $191,962.00, Cueva $628,114.25 and Bustamante $42,654.67.

The district court vacated the bankruptcy court's ruling, remanding and ordering the bankruptcy court to explain why it awarded Cueva all the funds in the registry without considering Bustamante's out-of-pocket loss. On remand, on April 18, 2005, the bankruptcy court explained that it disbursed the funds based on the Fifth Circuit's mandate in Bustamante. It deemed equitable subrogation the "only legal or equitable theory by which Bustamante might be entitled to a refund of his out-of-pocket funds" and the only one "raised by Bustamante to recover those sums." On August 8, 2005, the district court affirmed. Bustamante timely appeals.

## II.

In a bankruptcy appeal, we apply the same standard of review as the district court. Wells Fargo Bank of Texas, N.A. v. Sommers (*In re* Amco), 444 F.3d 690, 694 (5th Cir. 2006). We review factual findings for clear error, and conclusions of law *de novo*. Id. We review matters left to the lower courts' discretion for abuse. Century Resources Land LLC v. Adobe Energy Inc. (*In re* Adobe Energy Inc.) 82 Fed App'x 106, 110 (5th Cir. 2003).

In four ways, Bustamante argues that he is entitled to his money because he was a good faith purchaser of the half-interest

in the property not originally paid for by his co-purchaser, Jonathan R. Campbell,[2] and because Cueva is not entitled to the money either equitably or under Texas law.[3]  Bustamante provides no legal support for the argument that Cueva's alleged lack of entitlement gives him an interest in the disbursement.  At core, his argument, that he was a good faith purchaser, is an equitable one; and the district court did not abuse its discretion in rejecting it.  See Arens v. Boughton (*In re* Prudhomme), 43 F.3d 1000, 1003 (5th Cir. 1995) (noting bankruptcy courts' broad discretion in applying equity powers) (citing Anderson v. Anderson (*In re* Anderson), 936 F.2d 199, 204 (5th Cir. 1991)).

Accordingly, the judgment of the district court is AFFIRMED.

---

[2] The parties do not dispute what is now the law of the case, that Campbell was not a good faith purchaser.

[3] Bustamante's Texas law argument takes three forms: (1) an owner of property sold in a void foreclosure can recover either damages or the property, but not both; (2) a debtor must do equity and pay off his debts, and not receive a windfall; and (3) the "one satisfaction" rule bars Cueva being satisfied twice, *i.e.*, receiving the property and getting the funds generated by its sale.

4