# Third District Court of Appeal

## State of Florida

Opinion filed January 28, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1555
Lower Tribunal No. 24-220940-CC-24
_____


**Vivian Dalencour,**
Appellant,

vs.

**BTI 1179, LLC,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Stephanie Silver, Judge.

Vivian Dalencour, in proper person.

Lipmann Law Offices, P.A., and Mark R. Lippman (Orlando), for appellee.


Before SCALES, C.J., and EMAS and FERNANDEZ, JJ.

PER CURIAM.

**ON CONFESSION OF ERROR**

Pro se appellant, Vivian Dalencour, appeals a default final judgment of eviction entered on July 16, 2025. A review of the docket reveals appellant filed a petition for federal bankruptcy protection prior to entry of the default final judgment and writ of possession.[1] The court notes, however, that the trial court did not have the benefit of this information at the time it entered the judgment on appeal.

Nonetheless—and as counsel for appellee has properly and commendably conceded—the default final judgment and writ of possession were entered in error, in light of the automatic stay triggered by appellant's filing of the bankruptcy petition. See In re Dorsey, 373 B.R. 528, 530 (Bankr. N.D. Ohio 2007) ("Upon the commencement of a bankruptcy case, an automatic stay arises as a matter of law.") (citing 11 U.S.C. § 362(a)); In re Striblin, 349 B.R. 301, 303 (Bankr. M.D. Fla. 2006) ("The automatic stay operates to enjoin a creditor from attempting to possess or to exercise control over property of a bankruptcy estate once a petition has been filed."); Chistopher v. Bank of America, N.A., 323 So. 3d 838, 842 (Fla. 2d DCA 2021) ("An action taken in violation of the automatic stay has been

---

[1] This court granted appellant's emergency motion for stay of the writ of possession during the pendency of this appeal.

determined to be 'void and without effect.'") (quoting <u>Striblin</u>, 349 B.R. at 303) and <u>Borg–Warner Acceptance Corp. v. Hall</u>, 685 F.2d 1306, 1308 (11th Cir.1982)); <u>McMahon v. Ryan</u>, 964 So. 2d 198, 200 (Fla. 5th DCA 2007) ("Actions taken in violation of the automatic stay are void and without effect. This is true even if there is no actual notice of the stay.") (internal citations omitted); <u>Personalized Air Conditioning, Inc. v. C.M. Sys., Inc.</u>, 522 So. 2d 465, 466 (Fla. 4th DCA 1988) ("Filing of a petition in bankruptcy effectuates an automatic stay of all proceedings against a debtor effective the date the petition is filed and actions taken in violation of the stay are void even if there is no actual notice of the stay.").

We therefore vacate the default final judgment and writ of possession, and reverse and remand this cause to the trial court for further proceedings.

Reversed and remanded.